Bertram Harnett, J.
Sometimes administrative decisions lose sight of reality. The goals of a social program may become obscured on a lengthening trail of regulations and fine print. Here, we have young Kenneth Houston, a full-time student in a special governmentally sponsored school pursuing a high school equivalency diploma. The Department of Social Services says he has to quit his school, or his mother will lose part of her aid to dependent children assistance grant. Where is the sense in that?
The statutes and regulations governing aid to dependent children are not always easy to understand, particularly in the 16-21 age category. Those over 21 cannot qualify at all. Those under 16 can qualify without concern for their attending school or some other training program. But, for children between 16 and 21, it gets complicated.
*192 Kenneth Houston is 17 and he has the problem which forms this case.
A boy of 17 can receive aid as long as he registers for a Federal "manpower services training and employment” program called "work incentive” or simply, WIN. (Social Services Law, § 350-e, subd 1.) But, he is excused from registering for the WIN program if he is "attending school full time.” (Social Services Law, § 350-e, subd 1, par [c]; see 18 NYCRR 388.2 [a] [2].)
Look at Kenneth Houston. He is regularly attending Ujamaa Academy. But, the Department of Social Services says this is the wrong kind of school and will not exempt Kenneth from its requirement of registering for the WIN program which means he would have to drop out of Ujamaa.
There is nothing in the statutes or regulations governing WIN which spells out the kinds of schools a youth may attend to be exempt. Ujamaa Academy provides a special educational alternative for students unable to succeed in conventional public high schools. It is tailored for youngsters like Kenneth. It is jointly sponsored by New York State Division for Youth and the Nassau County Youth Board with assistance from the New York State Division of Criminal Justice Services. The academy is expressly designed to prepare its students for the high school equivalency examination. The Department of Social Services alleges nothing substantively wrong with Ujamaa. Accordingly, Kenneth’s full-time attendance there exempts him from participating in WIN manpower training.
In denying Kenneth exemption from WIN, the department apparently confused two unrelated sets of statutes and regulations. Subdivision A of section 349 of the Social Services Law and its implementing regulation, 18 NYCRR 369.2(b)(l)(i), define the kind of schooling which will entitle a student between 18 and 21 years old to continue receiving aid to dependent children. But, nothing is cited for the arbitrary proposition that the aid to dependent children qualification requirements automatically becomes the WIN exemptions, particularly with youngsters above 16 who are below college level.
Moreover, even if we employed the standard in subdivision A of section 349 of the Social Services Law, as the department urges, we would reach the same result. The statute benefits a student who is "regularly attending a high school in pursuance of a course of study leading to a high school diploma or *193 its equivalent”. That is just what Kenneth is doing. As long as his school is preparing him for a high school equivalency diploma, it does not matter whether its particular curriculum has been specifically approved. Curriculum qualification under aid to dependent children is reserved for the college level.
But, laying aside all these statutory blocks, is not this dispute absurd? The idea of the WIN program is to teach young people to cope with and function in society. (See Social Services Law, § 350-b.) Now, here is a youth who has apparently had difficulty in conventional schools and has found a school better suited to his needs, which is governmentally sponsored for boys like him. He is voluntarily in a program where he enjoys a chance of success. It is not rational to think of pulling him out to satisfy some fancied regulative interpretation.
Hopefully, there are many potential paths out of the welfare mire. None is so clear that everyone can follow it with success. A boy who has reasonably chosen an officially sponsored path should be allowed to follow it, particularly since the way was specially created for boys like him.
As long as Kenneth remains a student at Ujamaa, his entitlement to aid to dependent children shall not hinge on his WIN participation.